IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

STATE OF WISCONSIN,

                Plaintiff,                      OPINION AND ORDER

   v.

                                            20-cv-654-wmc

MARTIN WAYNE CHAPMAN,

                Defendant.

---

Defendant Martin Wayne Chapman, proceeding *pro se* and *in forma pauperis*, has filed a pleading and exhibits purporting to be a petition for removal of two Polk County circuit court criminal actions filed against him. Public records reflect that in case no. 18-CT-89, Chapman is charged with a misdemeanor violation of Wis. Stat. 346.04(2t), disregarding a traffic officer's signal to stop. In case no. 19-CF-64, Chapman is charged with a felony violation of Wis. Stat. § 346.04(3), attempting to flee or elude a traffic officer.[1] The court will not allow Chapman to proceed because removal is improper. *See* 28 U.S.C. § 1915(e)(2).

Chapman has unsuccessfully attempted to remove Polk County criminal cases to this court before. *See Wisconsin v. Chapman*, No. 08–cv–112–bbc, 2008 WL 4265626 (W.D. Wis. March 3, 2008). Now, as then, a criminal prosecution initiated in state court may be removed to federal court only in limited circumstances, and summary remand is required if it clearly appears from the face of the petition and any attached exhibits that the petition for removal should not be granted. 28 U.S.C. § 1455(b)(4). As an initial

---

[1] This Polk County case information was obtained on October 8, 2020 from the electronic docket available at Wisconsin's Circuit Court Access website, https://wcca.wicourts.gov.

matter, the petition is procedurally defective in that Chapman did not include "a copy of all process, pleadings, and orders served upon such defendant or such defendants in such action" as required by 28 U.S.C. § 1455(a).

Procedure aside, Chapman does not meet the jurisdictional requirements for removal. To remove a state criminal prosecution there must be a basis under 28 U.S.C. §§ 1442 ("Federal officers or agencies sued or prosecuted"); 1442a ("Members of armed forces sued or prosecuted"); or 1443 ("Civil rights cases"). Because nothing in Chapman's petition suggests that his cases fall under 28 U.S.C. §§ 1442 or 1442a, the only possible basis for removal would be 28 U.S.C. § 1443(1), which provides for the removal from state court of any criminal prosecution "[a]gainst any person who is denied or cannot enforce in the courts of such State a right under any law providing for the equal civil rights of citizens of the United States."[2] The Supreme Court has interpreted that statute "to apply only if the right alleged arises under a federal law providing for civil rights based on race." *Indiana v. Haws*, 131 F.3d 1205, 1209 (7th Cir. 1997); *see also George v. Rachel*, 384 U.S. 780, 791-92 (1966). "More general sources of equality rights, like the Due Process Clause, or rights framed in nonracial terms do not suffice." *Fenton v. Dudley*, 761 F.3d 770, 773 (7th Cir. 2014).

Chapman does not mention his race or say that his race played any part in the criminal prosecutions. But even if he had, "[n]o citizen of the United States has the right

---

[2] Chapman cannot proceed under 28 U.S.C. § 1443(2) because that subsection of the removal statute is available only to "federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights." *City of Greenwood, Miss. v. Peacock*, 384 U.S. 808, 824 (1966).

to flee or elude police officers . . . and no federal law confers immunity from prosecution for such conduct." *Chapman*, No. 08–cv–112–bbc, 2008 WL 4265626, at *2. Accordingly, Chapman cannot contend that but for his race, his behavior would not be subject to criminal prosecution. To the extent Chapman wants this court to consider whether his Fourth, Fifth, and Sixth Amendment rights are being violated in the course of his criminal prosecutions, his claims are precluded by *Younger v. Harris*, 401 U.S. 37 (1971), which "requires federal courts to refrain from exercising jurisdiction over federal constitutional claims that seek to interfere with or interrupt ongoing state proceedings" absent extraordinary circumstances Chapman does not establish here. *Courthouse News Service v. Brown*, 905 F.3d 1063, 1072 (7th Cir. 2018). Chapman may raise any such constitutional challenges in the context of his state criminal prosecutions.

## ORDER

IT IS ORDERED that:

1) Defendant Martin Wayne Chapman is DENIED leave to proceed (dkt. #2) because removal is improper, and this matter is DISMISSED.

2) Polk County case nos. 19-CF-64 and 18-CT-89 are REMANDED to the Circuit Court for Polk County, Wisconsin.

Entered this 13th day of October, 2020.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge